**In re R & B SAMONS, INC., Debtor.**

**BANKWEST, Plaintiff,**

**v.**

**Ray MOORE; Robert Nash; Curtis Jensen; A.Y. McDonald Supply Company, Inc.; Nick Moore; Matt Moore, Fashion Cabinets; and Casey Peterson and Associates, Defendants.**

**Bankruptcy No. 586–00026.**
**Adv. No. 586–0028.**

United States Bankruptcy Court,
D. S.D., W.D.

June 12, 1987.

Patricia A. Meyers, Pierre, S.D., for Bankwest.

Robert M. Nash, Rapid City, S.D., for debtor and Bruce Hartley & Self.

Wm. P. Westphal, Sr., Minneapolis, Minn., U.S. Trustee.

Curtis Jensen, Rapid City, S.D., pro se and for Ray Moore, Nick Moore and Matt Moore.

Verne Goodsell and Dan Ashmore, Rapid City, S.D., for A.Y. McDonald Supply Co.

Steven J. Helmers and Haven L. Stuck, Rapid City, S.D., for Hermes Associates.

Carvel R. Shaffer, Bountiful, Utah, for Fashion Cabinets.

Richard A. Huffman, Rapid City, S.D., for Casey Peterson & Associates.

R & B Samons, Inc., Bruce A. Hartley, c/o Robert M. Nash, Richard O. Sharpe, Rapid City, S.D., for Pioneer Bank & Trust—Motion to Dismiss in case file.

## ORDER ON PENDING MOTIONS AND PRETRIAL ORDER

JAMES E. YACOS, Bankruptcy Judge, sitting by designation.

The above-captioned adversary proceedings came before the court on June 9, 1987 at a pretrial conference and for hearing upon numerous pending motions and objections. By virtue of prior orders and rulings of the court the defendants involved in this proceeding had been reduced to those named above.

At the conclusion of the lengthy hearing on June 9th the court dictated into the record its findings and conclusions as to each pending motion. The court had earlier advised counsel that it intended to rule upon *all* pending motions and objections and would deny generally any pending items not specifically brought forward by counsel before the conclusion of the hearing.

The court hereby incorporates by reference its findings and conclusions dictated into the record, as indicated above, as further supplemented by this order. In case of any inconsistency the specific provisions of this order shall govern. Accordingly, it is

ORDERED, ADJUDGED, and DECREED as follows:

*1.* The heart of plaintiff's complaint in this adversary proceeding is an attempt to "step-into-the-shoes" of a debtor-in-possession, or a prospective bankruptcy trustee, to recover various disbursements allegedly made improperly from the assets of this estate. Alternatively, plaintiff claims to be acting in its status as a secured creditor asserting wrongful disposition of its collateral.

■ *2.* The first contention must fail because plaintiff has no standing to pursue causes of action vested solely in a trustee (or a DIP having the status of a trustee) under applicable bankruptcy law without first obtaining authorization of the bankruptcy court to do so—upon wrongful refusal of the estate fiduciary to pursue such causes. See 4 *Collier on Bankruptcy*, § 547.21 (15th Ed.1987).

*3.* The second contention likewise is untenable because the record in this case establishes that the plaintiff acquiesced in the liquidation of its collateral under an oral and/or informal letter "agreement" which left open considerable ambiguity as to the actual scope of restriction on the disposition of the proceeds of the liquidation. No attempt was made to obtain a court order approving and spelling out the terms and conditions of such agreement—upon notice to creditors—with a determination that any such understanding as to the liquidation of the estate was in the best interests of creditors generally. Cf. *In re J.L. Graphics Corp.*, 62 B.R. 750 (Bankr.D. N.H.1986), aff'd sub. nom. *In re Cross Baking Inc.*, 818 F.2d 1027 (1st Cir., 1987). Moreover, as to the defendant, Robert Nash, Esquire, the plaintiff failed to request a hearing or object to a duly-noticed application for allowance of fees to said attorney for the debtor-in-possession, which resulted in the entry of the this court's order of October 20, 1986 allowing payment of the fees requested.

*4.* While improper disbursements by a debtor-in-possession are not to be tolerated, and can be recovered by an appropriate procedure as indicated above, the plaintiff can not in my judgment pursue such recoveries directly in its status as a secured creditor on the record in this case.

*5.* Notwithstanding the foregoing, the court determines that the following counts of the complaint shall not dismissed, and shall remain open for trial, pending a determination as to the appropriate party to pursue the same as hereinafter provided:

(a) *Count One—Against Ray Moore, Nick Moore, and Matt Moore, Defendants.*

(b) *Count Three—Against Curtis Jensen—Defendant.*

*6.* All other counts of the complaint are dismissed, without leave to amend, together with all cross-claims, counterclaims, and motions and objections pertaining thereto. The motion to intervene by Hermes, Inc., is denied. Any other pending motion in this adversary proceeding that was not specifically raised at the June 9, 1987 hearing, except those pertaining to Counts One and Three, are also hereby denied.

*7.* The dismissal of Count Two regarding the defendant Robert Nash, Esquire, is with prejudice to the plaintiff as to the contention that the payment of the court-approved fees to Mr. Nash violated a valid and enforceable restriction upon the disposition of collateral, but is without prejudice to any motion in the case-in-chief which the plaintiff, or any other party-in-interest, may wish to make to the court to reconsider the *amount* of the fees awarded in light of the final outcome of this Chapter 11 proceeding.

*8.* With regard to Counts One and Three preserved for trial in this adversary proceeding, all parties shall have 30 days within which to file appropriate motions to have a substitute party-plaintiff pursue those counts, whether in Chapter 11 or in a conversion to Chapter 7, and/or to have Bankwest specifically authorized to pursue the same with any recoveries to be held pending further order of court as to their distribution. The court by subsequent pre-trial order may set Counts One and Three down for trial in accordance with its ruling on any such motions.